UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL LANDAU )<br>)<br>      Plaintiff )<br>)<br>vs. )<br>)<br>CAPITAL MANAGEMENT )<br>SERVICES, LP )<br>)<br>      Defendant )<br>) | Case Number:<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Joel Landau, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Joel Landau, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the New York General Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant Capital Management Services, LP maintains a primary place of business in this district.

## III. PARTIES

4. Plaintiff, Joel Landau, (hereafter, Plaintiff) is an adult natural person residing in Nanuet, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a primary location at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about February 29, 2012, Plaintiff received an initial notice from the Defendant on a consumer debt allegedly owed on a delinquent Chase Bank USA, N.A. account. See **"EXHIBIT A" (notice) attached hereto.**

8. Plaintiff was said to owe a consumer debt of approximately $513.75.

9. Defendant requested full payment upon receipt of the initial notice.

10. Defendant list Chase Bank USA, N.A., as the current creditor on this alleged account.

11. In this same notice, Defendant notifies Plaintiff that he has 30 days to dispute this said consumer debt.

12. On or about March 11, 2012, Plaintiff sent a certified letter to Defendant on said account disputing the alleged consumer debt. **See "EXHIBIT B" (notice) attached hereto.**

13. In his letter Plaintiff asks for validation on of alleged consumer debt as well as disputing this debt.

14. Defendant never sent validation of the debt to Plaintiff.

15. However, on or about March 29, 2012, Plaintiff received another letter from Defendant regarding a settlement offer for the alleged consumer debt that Plaintiff is disputing. **See "EXHIBIT C" (notice) attached hereto.**

16. In this letter to Plaintiff the Defendant is offering settlement in the amount of $123.30 of which $61.65 was due 10 days from the receipt of the above letter.

17. Defendant knew that Plaintiff was disputing this alleged consumer debt and sent the second letter prior to verification.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt, especially that of one belonging to another.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.  At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22.  As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

23.  The above paragraphs are hereby incorporated herein by reference.

24.  At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.  The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

    §§ 1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

    §§ 1692g(b):    Collector must cease collection efforts until debt is validated

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

26. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

27. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

28. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall

        not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

29.    As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

### III. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                            **Respectfully submitted,**

                                            **WARREN LAW GROUP, P.C.**

**Date:  December 7, 2012**          **BY:** _____
                                            Bruce K. Warren, Esquire

                                            Warren Law Group, PC
                                            58 Euclid Street
                                            Woodbury, NJ 08096
                                            P: (856)848-4572
                                            F: (856)324-9081
                                            Attorney for Plaintiff